CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al. Plaintiffs,

v.

Spencer ABRAHAM, Defendant.

No. Civ. 02–1507(RJL).

United States District Court, District of Columbia.

March 29, 2005.

Philip Poliner Kalodner, Gladwyne, PA, for Plaintiffs.

Thomas Halsey Kemp, U.S. Department of Energy Office of the General Counsel, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Plaintiffs bring this action to recover certain distributions that the Department of Energy's Office of Hearings and Appeals ("OHA") has made to Hercules Corporation ("Hercules") as a beneficiary of the crude oil overcharge restitution regulations. Before this Court are the defendant's motion for summary judgment and plaintiffs' motion for reconsideration. For the following reasons, the Court GRANTS defendants' motion for summary judgment and DENIES plaintiffs' motion for reconsideration.

## ANALYSIS

The Court's review of OHA's decision pursuant to Emergency Petroleum Allocation Act of 1973 ("EPAA"), which incorporates portions of the Economic Stabilization Act of 1970 ("ESA"), is limited. Agency action pursuant to EPAA will be vacated "only if it is in excess of the agency's authority, or is based upon findings which are not supported by substantial evidence." *Phoenix Petroleum Co. v. FERC*, 95 F.3d 1555, 1567 (Fed.Cir.1996). Indeed, federal courts have "recognize[d] DOE's administrative expertise, accord[ed]

the agency's determination great deference, and must approve the DOE decision if there is a rational basis for it." *Id.*

█ Plaintiffs essentially argue that there is no rational basis for OHA's decision to grant Hercules' motion for reconsideration because OHA's use of national averages to estimate the source of propylene purchased by Hercules does not satisfy the substantial evidence test. To obtain a refund for crude oil overcharges, the burden is on the applicant "to establish that a product not within the definition of covered products under the EPAA was in fact produced at a crude oil refinery and purchased either directly from the refiner, or from a reseller who did not substantially change the form of the product." *Goodyear Tire & Rubber Co.*, 24 DOE ¶ 85,039, at 88,112 (1994). Plaintiffs contend that in this case Hercules failed to satisfy this burden because it did not produce probative evidence to establish that the propylene product it purchased was produced at crude oil refineries. While Hercules was unable to provide documentary evidence establishing the exact source of the propylene purchases it made from crude oil refineries, AR 274, it did recommend that OHA estimate the source of the product on the basis of the production capacities for the various locations from which Hercules purchased propylene. *Id.* at 634. Initially, OHA rejected Hercules' estimate of 50% for facilities with both refinery and steam cracking processes, as arbitrary, and sought additional information. *Id.* Hercules provided OHA with information regarding the industry-wide average percentage of propylene for chemical use that was sourced from refineries. *Id.* Ultimately, OHA found that because this nationwide contemporaneous data was "based upon actual production data during the relevant period," the data could be "the basis of a reasonable method of esti-

mating the source of the company's propylene purchases." AR 636.

The plaintiffs contend that this method of estimating the source of the propylene used by OHA is not reasonable because it fails to satisfy the substantial evidence test. But, OHA precedent demonstrates that it has allowed applicants to utilize estimates derived from publications and national totals to determine the figure upon which a refund is based. Indeed, in *Caravan Refrigerated Cargo, Inc.*, OHA found it was reasonable to allow applicants to use mileage figures from Carrier Reports to estimate claims based on miles traveled. 21 DOE ¶ 85,275, at 88,840 (1991). Further, in *Taylor's Farm & Dairy*, OHA allowed applicants to use the United States Department of Agriculture's estimate of "average annual petroleum product consumption per acre among the nation's farmers" to determine total consumption of refined petroleum products by farmers. 16 DOE ¶ 85,631, at 89,251 (1987) Moreover, the regulations for implementing the refund distributions *requires* the OHA to "take into account the desirability of distributing the refunds in an efficient, effective and equitable manner." 10 C.F.R. § 205.282. Requiring more than reasonable estimates could unnecessarily prolong a procedure that is meant to be efficient.

Therefore, despite the lack of documentary evidence from which OHA could determine the exact source of the propylene purchased by Hercules, the Court concludes that it was not only reasonable, but also consistent with the goals of the regulation, for OHA to use statistical information from which it could make a reasonable estimate of the source of the propylene. Accordingly, the Court finds that there is a rational basis for OHA's reliance on national averages to estimate the source of

the propylene product purchased by Hercules, and upholds its decision.

## ORDER

For the reasons set forth above, it is this 25th day of March, 2005 hereby

**ORDERED** that the Federal Defendants' Motion to Dismiss or in the Alternative for Summary Judgment [# 8] is **GRANTED**, and it is further

**ORDERED** that the Plaintiffs' Motion for Reconsideration of Their Motion for Summary Judgment [# 14] is **DENIED**.

**SO ORDERED.**